IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS ENTERTAINMENT, INC., | § | |
| A NEW YORK CORPORATION, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| DOES 1-65. | § | Case No.: 10-cv-1407-F |
| | § | |
| DEFENDANTS. | § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY
PRIOR TO RULE 26(f) CONFERENCE**

The Court has read all the papers filed in connection with the Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference ("Motion"), and considered the sworn declarations and issues raised therein, including the unique aspects of BitTorrent infringement.

It is therefore ORDERED that Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference is granted. (Docket no. 2).

It is further ORDERED that Plaintiff is allowed to serve immediate discovery on the internet service providers Comcast Cable, RCN Corporation, Charter Communications, Road Runner, SBC Internet Services, Clearwire Corporation, Insight Communications Co., Qwest Communications, BellSouth.net, NPG Cable, Cox Communications, Verizon Internet Services, Optimum Online and Level 3 Communications to obtain the identity of each John Doe Defendant by serving each a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control addresses.

It is further ORDERED that Plaintiff may serve immediate discovery on any service provider

identified by the same means detailed in the Declaration and Motion, or identified as providing internet access to one or more Doe Defendants, by a provider upon whom a Rule 45 subpoena is served, for which an infringing download has been identified by individual IP address together with the date and time the infringing activity through that IP address occurred.  Such Rule 45 subpoena shall seek information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, e-mail address, and Media Access Control Address.

It is further ORDERED that Plaintiff is allowed to serve a Rule 45 subpoena in the same manner as above to any service provider that is identified in response to a subpoena as a provider of internet services to one of the John Doe Defendants.

It is further ORDERED that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.

It is further ORDERED that any service provider who receives a subpoena shall not assess any charge to Plaintiff in advance of providing the information requested in the Rule 45 Subpoena or for IP addresses which are not controlled by such service provider, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the service provider's internal costs to notify its customers.

It is further ORDERED that any service provider who receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such provider.

It is further ORDERED that the service provider shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

//

It is finally ORDERED that Plaintiff shall provide each service provider with a copy of this Order.

Signed this 26th day of July, 2010.

*/s/ Royal Furgeson*
ROYAL FURGESON
Senior United States District Judge